Filed 1/6/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NATHANIEL DAVID PORTER,<br><br>    Defendant and Appellant. | F080921<br><br>(Super. Ct. No. 07CM3809HTA)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina Hitomi Simpson, Lewis A. Martinez, and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2008, a jury convicted petitioner Nathaniel David Porter on two counts of attempted murder of a police officer (Pen. Code,[1] §§ 187, subd. (a), 664, *id.*, subd. (e)).[2] (*People v. Porter* (Oct. 27, 2009, F055715) [nonpub. opn.] (*Porter*).) For these offenses, he was sentenced to two consecutive terms of life with the possibility of parole.

In 2020, petitioner filed a petition for resentencing on his attempted murder convictions pursuant to section 1170.95. The court summarily denied the petition on the ground section 1170.95 does not apply to convictions for attempted murder.

During the pendency of this appeal, section 1170.95 was amended to expressly permit resentencing of certain persons convicted of attempted murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021-2022 Reg. Sess.) (Sen. Bill No. 775); Stats. 2021, ch. 551, §§ 1-2.) The parties now agree the matter must be remanded for the trial court to determine whether petitioner has made a prima facie showing of entitlement to relief.

In light of the foregoing, we reverse the trial court's order denying the petition and remand for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

We repeat the facts as set out in our opinion in petitioner's direct appeal.[3]

> "On December 1, 2007, shortly before 2:41 a.m., Michael [S.[4]] and Kathryn [G.] stopped at a . . . gas station and convenience store in Visalia to buy sodas. [Michael] went in the store, while [Kathryn] waited in the gray Dodge Ram pickup with the engine running and the heater on. While

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Petitioner was convicted of additional offenses, as described below.

[3]     We provide these facts for background purposes because they were recited by both parties in their briefing. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

[4]     Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[Michael] was in the store, two men wearing hooded sweatshirts and glasses approached the pickup from the rear, one on each side. They opened the doors at the same time; the one on the passenger side ordered [Kathryn] to get out of the car. He held something dark in his hand she believed was a gun; she could not describe it, but from the way he held it and the clicking sound she heard, she believed it was a gun. She got out of the pickup and the two men got in and drove off.

"[Michael] came out of the store in time to see the men getting into the pickup; he reached out to open the driver's door just as the truck drove away. He saw the pickup entering [H]ighway 198, then ran back inside and asked the store clerk to call 911. While the clerk did so, [Michael] ran outside, then went back inside and talked to the 911 dispatcher.

"A pair of California Highway Patrol (CHP) officers, who were parked on the shoulder of [Highway] 198 in Hanford after completing a traffic stop, observed the pickup traveling westbound on 198 at a high speed. As the pickup passed the patrol car, it swerved into the eastbound traffic lane to pass the two vehicles ahead of it. The CHP officers activated their emergency lights and pursued the pickup. Radar indicated it was traveling 106 miles per hour. At approximately 2:56 a.m., the pickup pulled over and stopped on the 10th Avenue off ramp, with the patrol car behind it, about 15 feet away. There were two occupants in the pickup. As the CHP driver exited his patrol car, the passenger door of the pickup opened, the passenger got out, turned to face the patrol car, reached toward his waistband, then fired three to five shots at the officers; he jumped back in the pickup and it sped away again. The officers took refuge behind their vehicle; one fired two shots at the pickup as it fled. Bullet holes were later found in the hood of the patrol car.

"The CHP officers again pursued the pickup. The officers eventually found the pickup; it had hit a fire hydrant and crashed into parked vehicles. The occupants were not present. A Bursa .380 handgun was found in the street among the wreckage. The passenger, Eric Armendariz, was found hiding in a nearby church. The driver, [petitioner], turned himself in on December 3, 2007."[5] (*Porter*, *supra*, F055715.)

A jury convicted petitioner of two counts of attempted murder of a peace officer (§§ 187, 664, *id*., subd. (e)), one count of carjacking (§ 215), one count of driving in

---

[5] "The parties stipulated [petitioner] was the driver of the pickup at the time Armendariz shot at the CHP officers." (*Porter*, *supra*, F055715.)

3.

willful and wanton disregard for the safety of others while evading a peace officer (Veh. Code, § 2800.2, subd. (a)), and one count of hit and run driving with injury (Veh. Code, § 20001, subd. (a)). (*Porter*, *supra*, F055715.) On appeal, this court concluded sufficient evidence supported petitioner's convictions for attempted murder under a natural and probable consequences theory. Accordingly, we affirmed. (*Ibid.*)

On January 13, 2020, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that he was convicted at trial of attempted murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

On February 13, 2020, the court denied the petition on the ground section 1170.95 "provides no relief for the crime of attempted murder."[6]

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

---

[6] On February 24, 2020, after the court's order was filed, the People filed an opposition to the petition, arguing petitioner was not entitled to relief because section 1170.95 does not apply to convictions for attempted murder.

4.

First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[7] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder,

---

[7]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a

6.

reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     Analysis

At the time the trial court considered petitioner's petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, former subd. (a).) However, section 1170.95 has since been amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775, Stats. 2021, ch. 551, § 1, subd. (a).)[8] These amendments took effect

---

[8]     We grant petitioner's unopposed request for judicial notice of the following documents relating to the legislative history of Senate Bill No. 775: (1) Assembly Committee on Public Safety, Report on Senate Bill No. 775 as amended July 6, 2021; and

on January 1, 2022. The parties submitted supplemental briefing on the effect of these amendments on petitioner's appeal.

As the parties agree, the trial court's order denying the petition is not yet final and Senate Bill No. 775 has already taken effect. Therefore, the revisions set forth in Senate Bill No. 775 apply to the instant petition. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [a criminal judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].) The People concede petitioner may be able to establish a prima facie showing of eligibility for resentencing under the law as amended by Senate Bill No. 775 and that remand is required. The parties further agree that, on remand, petitioner is entitled to the appointment of counsel, the opportunity to provide further briefing on the issue of resentencing eligibility, and a determination by the trial court as to whether he has stated a prima facie claim for relief.

The People ask us to stay the appeal and order a limited remand for the trial court to determine petitioner's eligibility for resentencing. Petitioner contends a stay of the appeal is not appropriate and asks that we reverse and remand, finally disposing of the appeal. We agree with petitioner. The validity of the trial court's determination that petitioner is ineligible for resentencing on his convictions for attempted murder is the only issue presented in this appeal. The ruling is erroneous under the law as amended and must be reversed. There is no purpose in this court retaining jurisdiction over the instant appeal. Doing so would not promote judicial economy or efficiency. To the extent the parties desire a more expeditious remand, they may stipulate to the immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).)

---

(2) Assembly Floor Analysis, Third reading analysis of Senate Bill No. 775 as amended September 1, 2021.

## DISPOSITION

The February 13, 2020 order denying petitioner's section 1170.95 petition is reversed.  On remand, the trial court is directed to appoint counsel to represent petitioner and to conduct further proceedings on the petition in light of the principles set forth herein.


DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.

9.